(No. 1085—Claimant awarded $1,300.00.)

FRANK McINTURFF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

GOVERNMENTAL FUNCTION—*Elgin State Hospital. When State not liable for injury to employee.* The State in conducting its State hospital exercises a governmental function and is not liable for injuries sustained by its employees therein while in the discharge of their duty.

ASSUMPTION OF RISK—*when employee assumes risk.* An attendant at the State Hospital for the Insane assumes all the risk or hazards incident to such employment.

SOCIAL JUSTICE AND EQUITY—*award may be made.* Where claimant is employed in a hazardous employment the court may as a matter of social justice and equity recommend an award.

THOMAS A. MURPHY, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was employed as an attendant at the Elgin State Hospital at Elgin. On July 20, 1924, while on duty, he was attacked by a patient and his left leg broken above the knee. A physician at the hospital reduced the fracture and gave him all necessary medical attention. He remained at the hospital from the time he was injured until April 12, 1925, during which time he received all necessary nursing and medical attention. On July 2, 1925, he again went to work at the hospital, and so far as the record discloses was still employed there when the evidence in the case was taken. As a result of

the injury, his left leg is two inches shorter than the other one. Claimant's salary was $45.00 per month and his board and room furnished. He was paid his salary up to August 20, 1924, and was given his room and board up to April 12, 1925, which was valued at $24.00 per month. He was not required to pay any hospital bills, nurse bills, medical bills, board of lodging from the time of his injury to April 12, 1925, all these having been furnished by the State.

The claim is filed on the theory that the Workmen's Compensation Act applies to the State in its conduct of the Elgin State Hospital, and claimant asks that his compensation be fixed by this court under the provisions of that act.

We cannot agree with claimant that his claim comes under the provisions of the Workmen's Compensation Act. The Elgin State Hospital does not come within any of the classes mentioned in Section 3 of that act. This court has repeatedly held that the State, in conducting State charitable institutions, is exercising a governmental function and is not liable for injuries received by employees of such institutions.

In accepting employment as an attendant at the hospital claimant assumed all the risks and hazards of such employment, and there is no liability on the part of the State to pay him for the injuries received or for loss of time on account of them.

The demurrer of the State will be sustained, the claim rejected and the cause dismissed.

If the legislature sees fit to make an appropriation for the benefit of claimant, as a matter of social justice, we would recommend that it appropriate not to exceed the sum of $1,300.00 for that purpose.